USCA1 Opinion

 

 January 10, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2014 UNITED STATES, Appellee, v. DANIEL CRUZ-TORRES, a/k/a EL GAGO, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Watson,* Senior Judge. ____________ _____________________ Lydia Lizarr bar-Masini, by Appointment of the Court, for ________________________ appellant. Julie J. Shemitz, Attorney, Criminal Division, Narcotic and _________________ Dangerous Drug Section, U.S. Department of Justice, with whom Jo Ann Harris, Assistant Attorney General, Theresa M.B. Van ______________ __________________ Vliet, Chief, Criminal Division, Narcotic and Dangerous Drug _____ Section, U.S. Department of Justice, Guillermo Gil, Acting United _____________ States Attorney, and Lena Watkins, Attorney, Criminal Division, ____________ Narcotic and Dangerous Drug Section, U.S. Department of Justice, were on brief for appellee.  ____________________ * Of the United States Court of International Trade, sitting by designation. ____________________ ____________________ -2- WATSON, Senior Judge. This is an appeal from a WATSON, Senior Judge. _____________ sentence imposed in the U.S. District Court for the District of Puerto Rico. Appellant was sentenced to imprisonment for ten years, after pleading guilty to conspiring to possess cocaine and marijuana with intent to distribute them, in violation of 21 U.S.C. 846. Between the early part of 1987 and the middle of 1989, he participated in a conspiracy to import cocaine and marijuana by helping to unload drugs from boats onto the shores of Puerto Rico. In the plea agreement it was stipulated that appellant was responsible for the importation of approximately 10,000 pounds of marijuana and 100 kilograms of cocaine. The ten-year sentence represented the trial judge's adjustment of the sentence from a potential 135 to 168 months, downward to the mandatory minimum of 120 months for the mitigating circumstance of appellant's condition of paranoid schizophrenia. Appellant claims that the trial judge erred in failing to take into account in the sentencing defendant's diminished capacity to foresee the amount of drugs that were involved in the conspiracy to which he belonged. This claim has no merit. In a challenge to the court's factfinding the sentence is reviewed for clear error. United States v. Thompson, 32 F.3d 1, 4 (1st Cir. _____________ ________ 1994). The amount of drugs attributable to appellant was settled for all purposes by the plea agreement pursuant to which he pleaded guilty to Count One of the indictment. That plea has -3- not been challenged, nor is there the slightest indication that it was defective. The record shows that the trial judge took great care to ascertain that the guilty plea was being made competently, knowingly and voluntarily. At that time, appellant acknowledged that, although he did not know if it was cocaine or marijuana, he had unloaded packages of drugs from boats. He acknowledged that he had read and discussed the indictment with his attorney. He entered into a written plea agreement specifying that he was responsible for the importation and distribution of approximately 10,000 pounds of marijuana and 100 kilograms of cocaine, so it is clear that the amount of drugs involved was fully understood. Appellant has a long history of mental illness. He was discharged from the army in 1973, after serving in Vietnam, with a diagnosis of paranoid schizophrenia. He was given a 100% service-connected disability. It took eight months of court- supervised hospitalization and treatment for appellant to become competent to proceed to trial and, after the plea, the sentencing was delayed for another hospitalization. Nevertheless, the sentencing judge was under no obligation at the time of sentencing to reopen the subject of the amount of drugs that plaintiff could reasonably have foreseen. A proper reliance on the guilty plea distinguishes this case from those in which the district court failed to make a sufficient finding of foreseeability. See, United States v. Valencia- ___ ______________ _________ Lucena, 988 F.2d 228, 233-235 (1st Cir. 1993). It is obvious ______ -4- that when a guilty plea resolves the question of what was foreseeable to a defendant it would be unreasonable to require a sentencing judge to make a new determination of foreseeability at the time of sentencing. In this case his reliance on the plea agreement and the information contained in the presentence report was more than sufficient to satisfy the requirement in 18 U.S.C. 3553(c) (Supp. 1992) that "[t]he court at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence . . . ." In any event, the sentencing judge departed from the Sentencing Guidelines pursuant to 5K2.13 and, in circumstances that ordinarily would have required a minimum sentence of 135 months, lowered the term of imprisonment to 120 months. That is the mandatory minimum term of imprisonment for the crime to which appellant pleaded guilty. Without undoing the guilty plea, appellant could not hope for a better result. Affirmed. Affirmed ________ -5-